_JjAMY, Judge.
In this personal injury action, the plaintiff appeals the judgment of the trial court sustaining the defendants’ exception of prescription. For the following reasons, we affirm.
Factual and Procedural Background
This case arises out of an automobile accident in New Iberia, Louisiana, on November 9, 2000. On November 7, 2001, the plaintiff submitted a facsimile transmission of a petition for damages to the Iberia Parish Clerk of Court. On the following day, the Iberia Parish Clerk of Court sent a receipt of the facsimile transmission to the plaintiff and informed the plaintiff that the original pleading must be forwarded within five days along with the five dollar transmission fee and a four-hundred forty dollar filing fee. The plaintiff subsequently filed the original petition for damages and a request to proceed in forma pauperis on November 13, 2001.[1] Notably, the plaintiff did not pay any filing or transmission fees at this time. On November 21, 2001, the trial court denied the plaintiffs request to proceed in forma pauperis and ordered the plaintiff to pay the required court costs within thirty days. This order made no reference to the November 7, 2001 facsimile transmission and was in reference only to the petition filed on November 13, 2001. The plaintiff paid the court costs and fees on December 6, 2001.[2] Thereafter, Louisiana and Delta Railroad, Inc., the Parish of Iberia, and Burlington Northern and Santa Fe Railway Company each filed an exception of prescription, alleging that the plaintiffs | ¿facsimile transmission was ineffective because the plaintiff failed to comply with La.R.S. 13:850; and, in turn, the defendants argued that the November 13, 2001 filing was not timely for the plaintiffs del-ictual action. On March 11, 2002, the trial court issued, in part, the following written reasons for sustaining the exceptions of Louisiana and Delta Railroad and Burlington Northern and Santa Fe Railway Company:
In this case, ... the plaintiff did file the original petition and the application for pauper status within five (5) legal *476 days, however the application for pauper status was denied on November 21, 2001. The Plaintiff did not pay the transmission fee of $5.00 or the filing fee within five (5) legal days. Plaintiff contends that to require same of a pauper would be discriminatory and would not allow a pauper to take advantage of a statute available for non-paupers. However, the simple fact is that Plaintiffs pauper status was denied and Plaintiff is not in fact a pauper. The costs in this matter were not paid until December 9, 2001. (More than five days after the pauper status was denied, although the Court does not find this dispositive.) The Court holds that the Plaintiff must strictly comply with the requirements of LSA R.S. 13:850. If Plaintiff desired to file a pauper application, Plaintiff had five (5) legal days, after the prescriptive date, to insure that pauper status was granted. It was incumbent upon Plaintiff to either insure that pauper status was granted during that time, by walking the application for pauper status through or otherwise insuring that the application was granted within five (5) legal days, or paying the facsimile fee of $5.00 and the filing fees withing [sic] five (5) legal days. The statute allows the Plaintiff extra time after prescription to file the original petition and application for pauper status and the Court finds that the statute is available to paupers and non-paupers alike.
If the Court were to allow all individuals who claim pauper status to follow the procedure used by plaintiff, there would be an ability to abuse the statute and thwart its intent. Presumably everyone filing suit could file an application for pauper status thereby extending the time within which costs would have to be paid, according to plaintiff, not just until the application for pauper status was denied, and not within five days from the denial of pauper status, but until, as plaintiff argues, the delay for challenging the denial of pauper status has elapsed.
(Footnote omitted.) On April 18, 2002, the trial issued supplemental reasons for ruling in which it recognized that the Parish of Iberia also filed a similar exception |3of prescription and sustained the Parish of Iberia’s exception as well. The trial court rendered an additional judgment on May 17, 2002, dismissing all claims of the plaintiff against the Parish of Iberia.[3] Now, the plaintiff appeals the May 17, 2002 dismissal, alleging the following assignment of error:
The trial court erred in finding that the plaintiffs filing of her signed Original Petition For Damages, together with an application to proceed in pauper status, within the 5 day time period following the fax filing of her Petition For [sic] Damages, and her deposit of appropriate costs within the time period ordered by the court in its order denying pauper status, did not satisfy the requirement of LSA-R.S. 13:850 that court costs be paid within 5 days of the fax filing, and that, therefore, prescription had run on plaintiffs claims.
Discussion
In her brief, the plaintiff contends that the application for pauper status properly stands in lieu of the payment of court costs and fees. Otherwise, the plaintiff claims that the legislative intent of informa pau-peris provisions would be defeated and financially deprived litigants would be ine *477 quitably deprived of the benefits of La.R.S. 13:850. As such, the plaintiff urges this court to reverse the judgment of the trial court sustaining the defendant’s exception of prescription. We find that the plaintiffs assignment of error lacks merit.
La.R.S. 13:850 provides, in part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile fifing in civil actions. Fifing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
|4B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable fifing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
(Emphasis added.) The record in this case establishes that the plaintiff did not pay any fifing fee or transmission fee within five days, exclusive of legal holidays, of the November 7, 2001 facsimile, and there is no provision in this statute that would allow suspension of the La.R.S. 13:850(B) requirements upon an in forma pauperis application. On the other hand, we are mindful that, when a court order permits a party to litigate without the payment of costs, the party is entitled to all services required by law of a clerk of court, including the fifing of pleadings. See La.Code Civ.P. art. 5185. Yet, review of the record presents no such order. Due to the plaintiffs failure to comply with the mandatory requirements of La.R.S. 13:850(B), we conclude that the November 7, 2001 facsimile has no force or effect. See La.R.S. 13:850(C); Antoine v. McDonald’s Rest., 98-1736 (La.App. 3 Cir. 5/5/99); 734 So.2d 1257. Further, the plaintiffs November 13, 2001 fifing was not timely for her delictual action. See La.Civ.Code art. 3492.
Accordingly, we find that the trial court did not err when it sustained the defendants’ exception of prescription.
|KDECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assigned to the plaintiff-appellant, Linda Tenney.
AFFIRMED.

. We are mindful that the State of Louisiana observed Veterans’ Day, a legal holiday, on Monday, November 12, 2001.

. We are also mindful that the trial court stated in its written reasons for judgment: “Costs were not paid in this matter until December 9, 2001.” Yet, at the hearing regarding the exceptions of prescription, the plaintiff’s counsel stated that costs were paid on December 6; and, each party states in its brief that costs were paid on December 6. In any event, we conclude, herein, that neither date was timely.

. The record before us indicates that trial court rendered judgment dismissing the plaintiffs claims against Louisiana and Delta Railroad, Inc. and Burlington Northern and Santa Fe Railway Company on June 13, 2002.