# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 03-307


**BEN MORRISON, ET AL.**

**VERSUS**

**C.A. GUIDRY PRODUCE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 95-C-3662-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Jacque Berchmans Pucheu, Jr.**
**John Henri Pucheu**
**Pucheu, Pucheu, & Robinson, L.L.P.**
**P.O. Box 1109**
**Eunice, LA 70535**
**(337) 457-9075**
**Counsel for Defendants/Appellees:**
> C.A. Guidry Produce, Inc., Vivian Stelly Guidry, Dorian Guidry, C.A. Guidry House of Quality, Inc., Charlie Andrew Guidry, IV, Carl Guidry, Sophia Guidry Quebedeaux, Cynthia Marie Guidry, Julie Marie Guidry, Debra Ann Guidry, Anthony Guidry, Jonathan Keith Guidry, Gerard Guidry, Vivian Guidry Taylor, Stephanie Guidry Richard, Andre Phillip Guidry

**Lawrence Sandoz, Jr.**
**Sandoz & Sandoz**
**P. O. Box 10**
**Opelousas, LA 70571-0010**
**(337) 942-9771**
**Counsel for Defendant/Appellee:**
> Kevin Cade Guidry

**Michele Smith Caballero**
**Milo A. Nickel**
**Nickel & Caballero**
**500 Kirby St., #201**
**Lake Charles, LA 70601**
**(337) 433-8278**
**Counsel for Plaintiff/Appellant:**
          **Cynthia Bridges**

**PICKETT, Judge.**

## FACTS

This case has appeared before us before, and the facts of this case were set out in an opinion by this court as follows:

On October 2, 1995, the State filed suit against C.A. Guidry Produce, Inc. to collect past due sales taxes for the years January 1, 1990 through June 31, 1993. The total assessment was for $363,777.99, together with interest, until paid. According to a state audit, C.A. Guidry Produce, Inc. had understated its tax obligation for the period by more than $198,000.00. At the time, C.A. Guidry Produce, Inc. was a closely held corporation with shareholders consisting of either Charles Andrew Guidry, Jr. alone, or he and his wife, Vivian Stelly Guidry.

On August 29, 1991, Charles Andrew Guidry, Jr. died. He was survived by Vivian Guidry and fourteen major heirs. On September 17, 1991, Charles Andrew Guidry, Jr.'s surviving spouse and heirs petitioned the court to open his succession. By judgment, dated January 27, 1992, the surviving spouse and heirs unconditionally accepted the succession, without benefit of inventory, and were placed in possession of the estate.

On August 17, 1993, Vivian Guidry, as president of the corporation, signed an agreement to suspend prescription as to the period January 1, 1990 through December 31, 1990 for one year. On October 5, 1994, Cynthia Marie Guidry, as Secretary of the corporation, executed another agreement to suspend prescription for an additional year.

On September 16, 1996, the State amended its petition to add a request for statutory attorney fees based on its referral of the matter to outside counsel for summary proceedings. The State again amended its petition on November 5, 1997, naming Vivian Stelly Guidry, Cynthia Marie Guidry, Kevin Cade Guidry, and Andre Phillip Guidry, individually, and as directors and officers of the corporation, as additional party defendants. In addition, since the decedent was a director, the State added the above named defendants and the remaining heirs as additional party defendants pursuant to La.R.S. 47:1561.1.

On December 9, 1997, defendants filed an exception of prescription contending that the State had three years from the last date taxes were due to name the additional defendants. Again in January of 1998, the defendants urged an exception of prescription alleging that the cause of action for recovery of 1990-1991 taxes had prescribed.

1

The trial court granted the exceptions of prescription as to the individual heirs finding that prescription had run on both the 1990-1991 taxes and the 1992-1993 taxes. The court also found that the agreement to suspend prescription executed by the corporate officers did not bind the heirs individually and that the heirs were not solidary obligors. The state lodged this appeal contending that the trial court erred in finding that the heirs were not solidary obligors and in granting the exceptions of prescription.

*Morrison v. C.A. Guidry Produce, Inc.*, 98-1688, p.1-3 (La.App. 3 Cir. 3/31/99), 733 So.2d 119, 120-121.

This court reversed in part, affirmed in part, and remanded the case to the trial court. With regards to the 1990-1991 taxes, we found that Charlie A. Guidry, Jr.'s estate, and his heirs, were solidarily liable with the corporation for the taxes due, since during this period he was an officer or director of C.A. Guidry Produce, Inc., "who possessed significant responsibility for the tax-making decisions of that business entity." *State v. DeJesus*, 94-261 (La. 9/16/94), 642 So.2d 854, 857. Since the heirs accepted the succession without the benefit of inventory, interruption of prescription against an obligor was effective against the heirs to the extent of their virile share. Thus, the trial court's grant of the exception of prescription for the 1990-1991 taxes was reversed.

On the issue of the 1992-1993 taxes, we found that the court had properly granted the exception of prescription as to those heirs who had not served as officers or directors during those years. As the record was not clear on which heirs had served in such a capacity, the matter was remanded to determine that issue.

When the case was remanded, the following were still defendants in the law suit:

1.	C.A. Guidry House of Produce, Inc. (named in original petition)

2.     Vivian Stelly Guidry, wife of Charlie Andrew Guidry, Jr., as heir of Charlie A. Guidry, Jr., and as an officer of the corporation pursuant to La.R.S. 47:1561.1. (2nd Supp. and Amending Petition).

3.     Cynthia Maria Guidry, Kevin Cade guidry, and Andre Phillip Guidry, as heirs of Charlie A. Guidry, Jr., (with respect to the 1990-1991 liability) and as officers of the corporation (for the liability which arose in the years which they were officers).

4.     Timothy Carl Guidry, Deborah Ann Guidry Fontenot, Jonathon Keith Guidry, Vivian Guidry Taylor, Stephanie Guidry Richard, Gerard Guidry, Anthony Guidry, Julia Mary Guidry, Sophia Guidry Quebedeaux, Charles Andrew Guidry IV, and Dorian Guidry, as heirs of Charlie A. Guidry, Jr., with respect to the 1990-1991 liability. (These 11, as well as Cynthia, Kevin, and Andre, in their capacity as heirs, will be referred to collectively hereinafter as the Guidry children.)

On remand, the state, now acting through Cynthia Bridges, the current Secretary of the Department of Revenue and Taxation, State of Louisiana, filed a Third Supplemental and Amending Petition. In it the state added as defendants Chad Pitre, the administrator of the Estate of Charlie Andrew Guidry, Jr., and C.A. Guidry House of Quality, Inc., a Louisiana corporation. The state alleges that the wife and heirs of Charlie A. Guidry, Jr., transferred the assets and goodwill of C.A. Guidry Produce, Inc., to C.A. Guidry house of Quality, Inc., in an attempt to avoid income tax liability. Further, the state named Vivian Stelly Guidry as a defendant yet again, claiming that the taxes owed are a community obligation that she owed to the state as the wife of Charlie A. Guidry, Jr. The state also claimed that all of the children were officers or directors of one or both of the corporations.

In response, the Guidry children, with the exception of Kevin Cade Guidry, answered and filed three Exceptions of Prescription. The first dealt with the claims related to the 1992-1993 tax obligation. The second asserted that none of them were officers or directors of C.A. Guidry Produce, Inc. The final exception argued that since the succession proceeding in which they had taken possession without the

3

benefit of an inventory had been declared a nullity, they were not solidarily liable based on their status as legal heirs of Charlie A. Guidry, Inc. C.A. Guidry House of Quality, Inc., filed an Exception of Prescription and an Exception of No Cause of Action. They also asserted an Exception of Vagueness. Separately, Kevin Cade Guidry filed an Exception of Prescription, based on the same grounds as that filed by the other Guidry children. Kevin Cade Guidry also filed Exceptions of No Right of Action and No Cause of Action, claiming he did not receive any property of the succession of Charlie A. Guidry, Jr., and that he was never an officer or director of C.A. Guidry Produce, Inc., nor was he ever responsible for the payment of taxes for C.A. Guidry Produce, Inc.

A hearing was held on November 7, 2002, on the various exceptions. The trial court found merit in all of them, granted the exceptions, and all of the Guidry children and C.A. Guidry House of Quality, Inc. were dismissed. The trial court designated the judgment a final judgment and the state appeals.

## ASSIGNMENTS OF ERROR

The state alleges one all inclusive assignment of error:

"The trial court erred in granting the defendants' exceptions of prescription and no right/no cause of action."

## DISCUSSION

Standard of Review

This court enunciated the standard of review in an appeal on a peremptory exception in *Egle v. Egle*, 01-0927, p.4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139:

> When a peremptory exception is filed prior to trial, "it shall be tried and disposed of in advance of or on the trial of the case." La.Code Civ.P. art. 929. The trial court is not bound to accept as true the plaintiff's allegations in the petition at such a trial. "When evidence is

4

introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99); 746 So.2d 127, 129.

Prescription

When the peremptory exception of prescription is filed, the burden of proof is generally on the party pleading prescription. If, however, on the face of the pleadings it appears that prescription has run, the burden shifts to the plaintiff to prove an interruption or suspension of the prescriptive period. When the basis for the claim of suspension of prescription is solidary liability, the plaintiff must prove that the defendant is a solidary obligor. *Younger v. Marshall Indus., Inc.*, 618 So.2d 866 (La.1993).

The state, having been successful on appeal to this court earlier, now urges us to reverse the trial court and sustain our original position on the issue of the suspension of prescription for the taxes owed in 1990-1991. As discussed, a key factor in this court's decision was the Guidry children's acceptance of the succession of Charlie A. Guidry, Jr., without benefit of inventory. Now, however, the succession proceeding in which the acceptance was made has been declared a nullity, since it was filed in St. Martin Parish, which did not have jurisdiction over the suit. See La.Code Civ.P. art. 2002(A)(2). The state admitted this fact in their Third Supplemental and Amending Petition. Thus, an operative fact upon which this court's previous decision was based no longer exists, and the law of the case doctrine is not applicable. A new succession proceeding was brought in St. Landry Parish, but the record of that proceeding was not introduced at the hearing on the exceptions in the instant case. Most of the heirs testified at the hearing, however, that they received nothing from their father's estate, and on that basis the trial court held that they were

5

not solidary obligors with respect to the 1990-1991 tax liability, and therefore prescription had not been interrupted with respect to them. They all testified that their mother had received all of the assets of the succession. Vivian Guidry, the widow of Charlie A. Guidry, testified likewise. This testimony, taken as true, establishes that the Guidry children were not solidary obligors with the corporation as heirs of Charlie A. Guidry, Jr. Prescription was not interrupted when the documents extending the prescriptive period were signed on behalf of the corporation, and the claim against the Guidry children in their capacity as heirs has prescribed. Only the Succession of Charlie A. Guidry, Jr., Vivian Guidry and any children who served as officers or directors of the corporation can be maintained as defendants.

The state has in this appeal made no claim that any of the children except Cynthia, Andre, and Kevin were officers or directors of the corporation. The state, in its brief, makes the following statement regarding the remaining eleven Guidry children:

> With respect to the remaining heirs, there was tacit acceptance of the succession. All of the defendants took and transferred the assets and good will [sic] of C.A. Guidry Produce, Inc. to C.A. Guidry House of Quality, Inc. which began using those assets to conduct an identical business for the defendants.

This statement is not supported in the record. Finding no manifest error in the trial court's factual conclusions, we find that all the Guidry children were not solidary obligors as heirs of Charlie A. Guidry. Further, we find that Timothy Carl Guidry, Deborah Ann Guidry Fontenot, Jonathon Keith Guidry, Vivian Guidry Taylor, Stephanie Guidry Richard, Gerard Guidry, Anthony Guidry, Julia Mary Guidry, Sophia Guidry Quebedeaux, Charles Andrew Guidry IV, and Dorian Guidry were not

6

solidary obligors as officers or directors of C.A. Guidry Produce, Inc. Therefore, the state has failed to prove that prescription has been interrupted, and the trial court's judgment upholding the exception of prescription and dismissing these defendants is affirmed.

Cynthia, Andre, and Kevin Guidry

To support the contention that Kevin was an officer of the corporation, the state entered into evidence the articles of incorporation of C.A. Guidry Produce, Inc. from 1988. In it, Kevin is listed as a Vice-President. He is listed in the same capacity on Domestic Corporation Annual Reports filed with the Secretary of State's office in 1989, 1990, 1991, 1994, 1995, 1996, 1997, 1998, 1999, and 2000. In the 2001 report, his name is crossed off.

Kevin testified that he was not an officer of the company after 1989, but that he worked for the company as a buyer. He also testified that he had nothing to do with the payment of taxes. Also, as the trial court notes in its reasons for judgment, the minutes of the corporation list only Charlie A. Guidry, Jr., as an officer and director of the corporation at the time the taxes in the case were due.

While the trial court may have been incorrect in finding that Kevin was not an officer of the corporation, the state offered no evidence that he had any control over the payment of taxes. An officer or director can only be held liable for delinquent taxes of a corporation under La.R.S. 47:1561.1 if he "possessed significant responsibility for the tax-making decisions of that business entity." *State v. DeJesus*, 94-261, p.7 (La. 9/16/94), 642 So.2d 854, 857. The state has not met its burden of proving that Kevin was a solidary obligor, and Kevin's exception of prescription was properly sustained.

7

To support the contention that Andre was an officer of the corporation, the state offered only the Articles of Incorporation of C.A. Guidry Produce, Inc., which listed Andre as a Vice-President. Andre was one of only two of the Guidry children who did not testify at the hearing. Nevertheless, the state offered no evidence that Andre ever had any responsibility for the tax decisions of the corporation in the years 1990-1993. Thus, the state has failed to prove that he is a solidary obligor, and the exception of prescription was properly sustained.

Cynthia is an accountant who prepared tax returns for C.A. Guidry Produce, Inc. She was not paid for this work. She has never been an officer or director of C.A. Guidry Produce, Inc. She is listed as an agent for service of process for the corporation. She also signed one of the two agreements with the state allowing the interruption of prescription for the company. But, under 47:1561.1, she cannot be held liable because she is not an *officer or director* of the company with tax-making authority, thus she is not a solidary obligor, and prescription was not interrupted. The trial court's decision was correct.

C.A. Guidry House of Quality, Inc.

The state also claims that C.A. House of Quality, Inc. (House of Quality) should be held liable for the tax debt because it is a successor corporation of C.A. Guidry Produce, Inc. House of Quality was set up as a separate corporation after Charlie A. Guidry, Jr., died. It occupies the same buildings as C.A. Guidry Produce, but it rents the land from Vivian Guidry, who is the sole shareholder. There is other property that House of Quality rents from Vivian Guidry. Vivian testified that she got the money to purchase the equipment that she rents to House of Quality from the assets she previously rented Guidry Produce, which still exists as a corporation.

8

The state says that these two corporations have "the same operations, facilities, goodwill, personnel and ownership." Thus, House of Quality is responsible for the liabilities of Guidry Produce. The state cites *Wolff v. Shreveport Gas, Electric Light & Power Co.*, 70 So. 789 (La.1916). In *Wolff*, a gas company transferred all of its property to a new corporation following an explosion. The court held that the original corporation and the successor corporation were both liable for the damage, and the injured person could recover from both. The court held that where assets are transferred from a Louisiana corporation to a Delaware corporation without the successor corporation assuming any of the obligations of the former corporation, and such transfer is to the detriment of the creditors of the corporation, and the same persons are the owners of both corporations, they both will be liable for the damages.

The issue before us is whether House of Quality is a "successor corporation" who has assumed the assets of Guidry Produce and has become solidarily liable for its debts. House of Quality's sole shareholder is Vivian Guidry, who was a shareholder in Guidry Produce. Although it uses the same land and buildings, it rents these assets, it does not own them. House of Quality has many of the same customers as Guidry Produce. However, House of Quality has purchased new and separate equipment to operate the business. Considering the evidence as a whole, we agree with the trial court that House of Quality is not a successor corporation of C.A. Guidry Produce, Inc., and cannot be held solidarily liable for the tax debt.

The state can collect the past due sales taxes from the following entities: C.A. Guidry Produce, Inc., which still exists, though it does not operate; Vivian Guidry, either in her capacity as an officer, co-owner, or director of Guidry Produce, and to

9

the extent that she received any property from the estate of her husband; and the succession of Charlie A. Guidry, Jr., which is still pending.

## CONCLUSION

We find no error in the trial court's rulings on the exceptions. The ruling of the trial court is affirmed.

**AFFIRMED**.