863 So.2d 526 (2004)
Linda TENNEY
v.
BURLINGTON NORTHERN & SANTE FE RAILWAY CO., et al.
No. 2003-C-1260.
Supreme Court of Louisiana.
January 21, 2004.
*527 John P. Charbonnet, Kent Mercier, Lafayette, for applicant.
John F. Blackwell, Alex a. Lopreston, III, Roy, Forrest & Lopresto, Lafayette; Kyle Liney Mark Gideon, John E. McElligott, Jr., David A. Young, Davidson, Meaux, Sonnier & McElliogott, Lafayette; Charles C. Foti, Jr., Attorney General, for respondent.
PER CURIAM.
We granted certiorari in this case to consider whether the court of appeal erred in finding plaintiff's suit is prescribed on the ground that an application to proceed in forma pauperis does not satisfy the requirement of La. R.S. 13:850(B) that applicable fees be paid within five days of filing a petition by facsimile transmission. Although we find the reasoning of the court of appeal is erroneous, we conclude the court of appeal reached the correct result in finding plaintiff's suit is prescribed and we therefore affirm that judgment on different grounds.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Linda Tenney, was involved in an automobile accident on November 9, 2000. On Wednesday, November 7, 2001, plaintiff submitted a petition for damages to the Iberia Parish Clerk of Court via facsimile transmission. On the same day, the clerk acknowledged receipt of the facsimile transmission. Pursuant to La. R.S. 13:850,[1] the clerk notified plaintiff that the original pleading must be forwarded within five days, along with a $5.00 facsimile transmission fee and a $440.00 filing fee.
On Tuesday, November 13, 2001, the first legal day following the fifth day after the filing,[2] plaintiff filed the original petition for damages with the clerk of court. Plaintiff did not pay any filing or transmission fees at this time. Her petition did not request pauper status nor did she file a motion seeking pauper status. However, in a cover letter accompanying the petition, counsel for the plaintiff stated, "[p]auper forms are being completed and will be *528 forwarded to you upon receipt." It appears that pursuant to counsel's letter, the clerk filed a "pauper order" into the record for action by the trial court. Plaintiff's counsel filed the pauper affidavits on November 20, 2001, and the following day, the trial court denied plaintiff's request for pauper status. Plaintiff was ordered to pay the required costs and fees within thirty days, and she did so on December 6, 2001.
Thereafter, the defendants, Louisiana and Delta Railroad Company, the Parish of Iberia, and Burlington Northern and Santa Fe Railway Company, each filed an exception of prescription. The defendants alleged that plaintiff's November 7, 2001 petition filed by facsimile transmission was ineffective because she failed to comply with La. R.S. 13:850(B). As a result, they asserted her petition was not properly filed until November 13, 2001, which was more than one year from the November 9, 2000 accident, and her claim was therefore prescribed.
Following a hearing, the trial court sustained the defendants' exceptions of prescription and dismissed plaintiff's suit. In written reasons for judgment, the trial court agreed that plaintiff did not strictly comply with the requirements of La. R.S. 13:850 because she did not pay the filing and transmission fees within five legal days of her facsimile filing.
Plaintiff appealed the trial court's judgment. In a split decision, the majority of the court of appeal affirmed, finding there is no provision in La. R.S. 13:850 that would allow the suspension of the requirements of the statute upon an application for pauper status. Because plaintiff's November 13, 2001 petition was not filed within the one-year prescriptive period applicable to actions in tort, the court of appeal concluded the trial court did not err in sustaining defendants' exceptions of prescription. Tenney v. Burlington N. & Santa Fe Ry. Co., 02-1451 (La.App. 3rd Cir.4/2/03), 842 So.2d 474. Upon plaintiff's application, we granted certiorari to review the correctness of the lower courts' rulings. Tenney v. Burlington N. & Santa Fe Ry. Co., 03-1260 (La.9/19/03), 853 So.2d 613.

DISCUSSION
The initial question presented for our consideration is whether an application to proceed in forma pauperis satisfies the requirement of La. R.S. 13:850 that applicable filing fees and a transmission fee be paid within five days of a facsimile filing. Although La. R.S. 13:850 does not address pauper filings, that statute must be read in para materia with the articles of the Code of Civil Procedure on pauper status. In particular, La.Code Civ. P. art. 5185 provides that when a party is permitted by the trial court to litigate without payment of costs, the party is entitled to "[a]ll services required by law of a ... clerk of court ... including but not limited to the filing of pleadings and exhibits, ..." Clearly, the filing of a petition by facsimile transmission is a "service required by law" of a clerk of court, as La. R.S. 13:850 mandates that "[a]ll clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions." [emphasis added] Thus, reading La. Code Civ. P. art. 5185 together with La. R.S. 13:850, we find that a proper request for pauper status made within five days of the transmission of a facsimile filing satisfies the requirements of La. R.S. 13:850(B).[3]
*529 Having found that a proper request for pauper status may satisfy the requirements of La. R.S. 13:850(B), we must now determine whether plaintiff satisfied the requirements for requesting pauper status. La.Code Civ. P. art. 5183(A) provides:
A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:
(1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of means, accompanied by any supporting documentation; and
(2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
(3) A recommendation from the clerk of court's office as to whether or not it feels the litigant is in fact indigent, and thus unable to pay the cost of court in advance, or as they accrue, or to furnish security therefor, if required by local rule of the court.
A review of plaintiff's petition indicates that she did not request pauper status in that pleading. Likewise, no ex parte written motion for pauper status was filed within five days of the facsimile transmission. Although the cover letter accompanying the petition advises the clerk that "pauper forms are being completed and will be forwarded to you upon receipt," there is no indication from the record that plaintiff ever did so. By itself, this cover letter cannot be construed as an ex parte written motion which would satisfy La. Code Civ. P. art. 5183, as no pauper affidavits are attached to the letter.
Plaintiff acknowledges that she did not request pauper status in her petition or by ex parte written motion, but urges us to find that the "pauper order" filed by the clerk of court into the record within five days of the facsimile transmission constitutes a timely request for pauper status. However, plaintiff has not cited any codal or jurisprudential support for the proposition that action by the clerk of court relieves a party of the obligation of complying with the requirements for requesting pauper status under La.Code Civ. P. art. 5183. In the absence of a request for pauper status in the petition or an ex parte written motion requesting such status, we conclude that plaintiff failed to make a proper application for pauper status as required by La.Code Civ. P. art. 5183.
Because plaintiff did not make a proper request for pauper status within five days of her facsimile transmission or pay the applicable fees under La. R.S. 13:850(B), her filing has no force and effect by operation of La. R.S. 13:850(C). Accordingly, plaintiff's petition was not filed until November 13, 2001, the date she filed the hard copy of the petition with the clerk's office. This filing was made more than one year after plaintiff's November 9, 2000 accident. Consequently, we are compelled to find that plaintiff's suit is prescribed.

*530 DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed. All costs in this court are assessed against plaintiff.
NOTES
[1] La. R.S. 13:850 provides:

A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission
[2] Veterans Day was observed on Monday, November 12, 2001, and thus that day was a legal holiday.
[3] Of course, if the trial court denies the request for pauper status, the party becomes responsible for paying the fees under La. R.S. 13:850(B). In such an instance, the trial court should issue an order granting the party a reasonable delay within which to pay these fees. If the party fails to do so within the delay set by the trial court, the facsimile filing will have no effect by operation of La. R.S. 13:850(C).