STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-1482

DAVID W. HALL

VERSUS

HAROLD REBER, PROGRESSIVE
INSURANCE COMPANY, ET AL.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-4577
HONORABLE ROBERT WYATT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, Billy Howard Ezell, and *Arthur J. Planchard, Judges.

* Honorable Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as *Judge Pro Tempore.*

REVERSED AND REMANDED.

Benjamin O. Burns
224 St. Landry Street, Ste. 2-D
Lafayette, LA 70506
(337) 232-7239
Counsel for Plaintiff/Appellant
    David W. Hall

**V. Ed McGuire**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**Counsel for Defendants/Appellees**
**Harold Reber**
**Progressive Insurance Co., Et. AL**

**Jeffrey A. Rhodes**
**Swift & Rhodes**
**P. O. Box 53107**
**Lafayette, LA 70505-3107**
**(337) 572-9877**
**Counsel for Defendant/Appellee**
**United States Automobile Association**

GREMILLION, Judge.

The plaintiff, David W. Hall, appeals the judgment of the trial court granting a peremptory exception of prescription in favor of the defendants, Harold Reber and Progressive Insurance Company, and dismissing Hall's claims against them with prejudice. For the following reasons, we reverse and remand the matter for further proceedings.

## FACTS

This matter stems from an automobile accident on September 15, 2001, wherein Hall's vehicle was struck by Reber's vehicle. Reber's vehicle was insured by Progressive. On September 16, 2002, counsel for Hall fax-filed his Petition for Damages with the Calcasieu Parish Clerk of Court, naming as defendants Reber, a resident of Calcasieu Parish, Progressive, and the United States Automobile Association, Hall's own uninsured/underinsured policy holder. On September 19, 2002, the Clerk's Office received the original signed petition and a check for $175 to cover the filing fees. On September 24, 2002, the Clerk's Office forwarded counsel a statement informing him that a further $125 was required to complete the processing of the suit. This amount was not received by the Clerk's Office until December 11, 2002. At that time, the Clerk's Office processed Hall's suit and served the defendants.

On January 21, 2003, Reber and Progressive filed a peremptory exception of prescription arguing that Hall's claims against them had prescribed since his suit was not filed until September 19, 2002. They base their argument on the fact that Hall failed to submit the full filing fee for the suit until after the five-day period

1

provided for in La.R.S. 13:850, pertaining to fax filings. Following a hearing, the trial court rendered a judgment in favor of Reber and Progressive granting their peremptory exception of prescription and dismissing Hall's claims with prejudice. Judgment was rendered in this matter on June 27, 2003. This appeal by Hall followed.

## ISSUE

On appeal, Hall argues that the trial court erred in sustaining the exception of prescription.

## FAX FILING

The filing of a petition by facsimile transmission is provided for by La.R.S. 13:850, which provides in pertinent part:

> A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
>
> B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
>
> > (1) The original signed document.
> >
> > (2) The applicable filing fee, if any.
> >
> > (3) A transmission fee of five dollars.
>
> C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for matters related to filings by facsimile transmission.

In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. *Morrison v. C.A. Guidry Produce*, 03-307 (La.App. 3 Cir. 10/1/03), 856 So.2d 1222. Further, "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes 'against prescription and in favor of the claim that is said to be extinguished.'" *Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc.*, 94-1317, 94-1318, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting *Louisiana Health Serv. v. Tarver*, 635 So.2d 1090, 1098 (La.1994)).

The fax transmission of Hall's petition was received by the Clerk's Office at 5:16 p.m. on September 16, 2002. Although the accident occurred on September 15, 2001, September 15th fell on a Sunday in 2002; thus, the September 16th filing was timely. On September 19, 2002, the Clerk's Office received the original signed petition and a check for $175 from Hall's counsel. On September 24, 2002, the Clerk's Office sent him notice that a further $125 was required to complete the processing of the suit. The statement included the following:

| | |
|---|---|
| Base Deposit of Suit (one service included) | $ 200.00 |
| Additional Service (___ @ $50.00 each) | $ 100.00 |
| . . . . | |
| Total amount required for filing of suit | $ 300.00 |
| Total amount already paid by your office | $ 175.00 |
| TOTAL AMOUNT STILL OWED BY YOUR OFFICE | $ 125.00 |

By: __Cynthia Allen__
        Deputy Clerk of Court

3

PS.   PLEASE RETURN THIS STATEMENT WITH YOUR PAYMENT, IN ORDER THAT WE MAY PROCESS YOUR SUIT.

The Clerk's Office received the additional $125 on December 11, 2002, at which time Hall's suit was processed.  Based on these facts, the trial court held that Hall's suit had prescribed.  Although it would appear that Hall's claim has prescribed on its face, we find otherwise.

The $200 fee required by the Clerk's Office included a $50 fee for service of the petition upon one defendant.[1]  If service was required against more than one defendant, as here, the Clerk's Office required a $50 fee for each additional defendant named in the suit.  Accordingly, the filing fee for the suit was $150 plus the $50 service fee.  In this instance, Hall's counsel submitted $175 on September 19, 2003.  This amount covered the $150 filing fee, plus the $5 transmission fee provided by La.R.S. 13:850(B)(3), leaving a balance of $20.  Hall's counsel should have been required to submit an additional $130 in order to effectuate service on the three named defendants.

Moreover, La.Code Civ.P. art. 1201(C) provides with regard to service of citation:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.  When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing.  The defendant may expressly waive the requirements of this Paragraph by any written waiver.

Thus, it is not necessary that service of the citation take place immediately upon

---

[1] We further take judicial notice of the fact that the Louisiana Legal Directory for 2002 reveals that the advance deposit required by the Calcasieu Parish Clerk of Court for the filing of a lawsuit was $150.

4

filing; we have seen numerous instances where a party filing a petition has requested a hold on service pending the submission of service instructions. In this instance, the petition was processed for service on December 11, 2002, upon the submission of the additional $125 by Hall's counsel pursuant to the Clerk's Office request. This fell within ninety days of the commencement of the action on September 16, 2002. Even if service on the defendants was not effectuated within ninety days, barring bad faith on the part of Hall, prescription against Reber and Progressive would still have been interrupted. *See Bordelon v. Med. Ctr. of Baton Rouge,* 03-0202 (La. 1/28/04), __ So.2d __.

Strictly construing La.R.S. 13:850 against prescription and in favor of Hall's claim, we find that his counsel complied with the requirements of the statute by forwarding the signed petition and the check for $175 to the Clerk's Office on September 19, 2002. Although service was not effectuated at that time, suit was filed and prescription against Reber and Progressive was interrupted. Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed to the defendants-appellants, Harold Reber and Progressive Insurance Company.

**REVERSED AND REMANDED.**