# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-27

**CHARLES GANT, JR.**

**VERSUS**

**GLENN ALEXANDER, ET AL.**

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 98,849,
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Alicia Johnson Butler
Attorney at Law
Post Office Box 9097
New Iberia, Louisiana  70562
(337) 369-3323
Counsel for Plaintiff/Appellant:
	Charles Gant, Jr.

Julius W. Grubbs, Jr.
C. Thomas Bienvenu, Jr.
Haik, Minvielle & Grubbs
Post Office Box 11040
New Iberia, Louisiana   70562-1040
(337) 365-5486
Counsel for Defendants/Appellees:
	Glenn Alexander
	Iran Alexander

SULLIVAN, Judge.

Charlie E. Gant, Jr. appeals the dismissal of his personal injury suit on an exception of prescription. For the following reasons, we affirm.

**Factual and Procedural Background**

Mr. Gant alleges that he was injured in an automobile accident on August 15, 2001. On August 15, 2002, he presented a petition for filing to the Iberia Parish Clerk of Court, naming as Defendants Glenn Alexander, Iran Alexander, and Patterson Insurance Company (Patterson), and requesting that all Defendants be served. That petition bears a filing stamp of "2002 Aug 15 A 9:08" and is also stamped "Pauper Suit." However, Mr. Gant's application to proceed *in forma pauperis* is stamped as being filed on August 21, 2002. On August 26, 2002, the trial court denied Mr. Gant's pauper application, but the denial did not order Mr. Gant to pay court costs within a certain period of time. Mr. Gant paid court costs ten months later, on June 26, 2003, after which all Defendants were served.

On July 21, 2003, Glenn and Iran Alexander filed exceptions of prescription and non-joinder of indispensable parties. On August 8, 2003, Mr. Gant added the Louisiana Insurance Guaranty Association (LIGA) as a Defendant. After a hearing on October 10, 2003, the trial court granted the Alexanders' exception of prescription. In its oral reasons, the trial court concluded that Mr. Gant's petition did not interrupt prescription because the clerk's office did not receive either a filing fee or a pauper application within the one-year prescriptive period.[1]

---

[1] Defendants seek dismissal of this appeal, arguing that Plaintiff failed to timely pay the estimated costs of appeal. After reviewing the record, we find no error in the trial court's failure to dismiss the appeal.

**Opinion**

In *Hall v. Reber*, 03-1482, p. 3 (La.App. 3 Cir. 3/31/04), __ So.2d__, __, this court recently stated:

> In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. *Morrison v. C.A. Guidry Produce,* 03-307 (La.App. 3 Cir. 10/1/03), 856 So.2d 1222. Further, "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes 'against prescription and in favor of the claim that is said to be extinguished.'" *Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc.,* 94-1317, 94-1318, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting *Louisiana Health Serv. v. Tarver,* 635 So.2d 1090, 1098 (La.1994)).

Additionally, the burden of proof is ordinarily on the party pleading prescription, unless prescription is evident on the face of the pleadings, in which case the burden shifts to the plaintiff to show that the action has not prescribed. *Eastin v. Entergy Corp.*, 03-1030 (La. 2/6/04), 865 So.2d 49. Because Mr. Gant's petition is stamped as having been filed on the one-year anniversary of his accident, we do not find that the petition has prescribed on its face. Accordingly, the burden of proving prescription remains with the Defendants.

At trial on the exception, the parties stipulated that the Iberia Parish deputy clerks will not sign the filing stamp on a pleading until the pleading is ready for processing, even though it may have been stamped as filed on an earlier date. Counsel for Defendants then pointed out that the copy of the petition attached to Mr. Gant's opposition memorandum bears a filing stamp of August 15, 2002, but it is not signed by the deputy clerk.

Yvonne Taylor Metzel, a civil suit clerk with the Iberia Parish Clerk of Court's Office, testified that the pauper application in Mr. Gant's case was filed on August 21, 2002, at 4:21 p.m. Ms. Metzel explained that, upon denial of an application for pauper status, the clerk's office will fax the plaintiff's attorney a bill with a request for

2

payment, and that pleadings are not processed until court costs are paid. According to Ms. Metzel, Mr. Gant's pauper application was denied on August 26, 2002, and fax records from the clerk's office show that Mr. Gant's attorney was notified of the denial, with a request for payment of $340.00 in costs, on August 28, 2002, at 2:48 p.m. Ms. Metzel testified that those costs were paid on June 26, 2003, after which service was effectuated.

Louisiana Civil Code Article 3462 provides in part: "Prescription is interrupted . . . when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." Louisiana Code of Civil Procedure art. 421 provides in part: "A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction."

Defendants argue that the "filing" of Mr. Gant's petition was not completed within the prescriptive period because he did not provide the clerk with a filing fee or a pauper application within one year of his accident. For the following reasons, we agree.

Under La.R.S. 13:842(A), "[t]he clerks of the district courts *shall demand and receive* from the plaintiff or plaintiffs in each ordinary suit, . . . not less than twenty dollars or such other amount as may be fixed by law for advanced costs . . . ." (Emphasis added.) Louisiana Revised Statutes 13:841(A)(1) provides: "The clerks of the several district courts shall be entitled to demand and receive the following fees of office and no more in civil matters: (1) For endorsing, registering, and filing petition, two dollars."

In *Jacobs v. Coca Cola Bottling Co.*, 37,775, p. 7 (La.App. 2 Cir. 10/20/03), 859 So.2d 250, 254, *writ denied*, 03-3183 (La. 2/6/04), 865 So.2d 725, the court concluded that the district court clerk could not refuse to "endorse, register, and file

a petition presented for that purpose *along with the statutorily-required fee*" of two dollars, as provided in La.R.S. 13:841(A)(1). (Emphasis added.) In *Jacobs*, the plaintiff had mailed his petition with a check that did not cover all advanced costs required by the clerk of court. The clerk's office returned the petition with a statement of costs owed and did not stamp the petition as filed until all costs were paid. Finding that, under La.R.S. 13:841(A)(1), the clerk could not charge more than two dollars to file the petition, and that the amount sent with the petition exceeded that fee, the court held the clerk should have filed the petition on the date that it was originally presented.

In *Hall*, __So.2d__, this court reached a similar conclusion in applying La.R.S. 13:850, the statute governing the facsimile filing of pleadings. The plaintiff in *Hall* "faxed" his petition to the clerk of court's office on the last day of the prescriptive period, along with a check that covered some, but not all, of the advanced costs required by the clerk. Under La.R.S. 13:850(B), the plaintiff had five days from the date of the facsimile transmission to ensure that the clerk of court received the original petition, the "applicable *filing fee*, if any," and a transmission fee of five dollars. (Emphasis added.) *See Bryant v. Milligan*, 00-2524 (La.App. 1 Cir. 6/6/01), 808 So.2d 660. If the plaintiff failed to meet these requirements, the facsimile filing would "have no force or effect" under La.R.S. 13:850(C). Because the amount sent by the plaintiff covered the clerk's *filing fee*, but not the fees for service, we found that the plaintiff complied with the statute; hence, the "fax" filing was timely and interrupted prescription.

In the present case, Mr. Gant did not include a filing fee with his petition because he sought to be declared a pauper pursuant to La.Code Civ.P. arts. 5181 through 5188. Article 5183 requires a person seeking to proceed *in forma pauperis*

4

to apply for permission to do so from the court, either in his first pleading or in a written motion later filed, with certain affidavits attesting to his financial condition. In the present case, Mr. Gant attempted to file his petition on the last day of the prescriptive period, August 15, 2002, but he did not present the affidavits required by Article 5183 until six days later, on August 21, 2002.

The importance of full compliance with Article 5183 is illustrated by the recent supreme court case of *Tenney v. Burlington N. & Sante Fe Ry. Co.*, 03-1260 (La. 1/21/04), 863 So.2d 526. In *Tenney*, the plaintiff "faxed" her petition, as well as a cover letter indicating that pauper forms were being completed, to the clerk's office with two days remaining in the prescriptive period. The clerk's office did not receive the plaintiff's pauper affidavits within the five-day period as required by La.R.S. 13:850(B). Holding that the plaintiff's claim had prescribed, the supreme court first concluded that "a proper request for pauper status" would have satisfied the plaintiff's obligation to pay filing and transmission fees, *if the clerk of court had received that request within the five days that those fees had to be paid. Id.* at 528. However, the supreme court also concluded that the plaintiff failed to comply with the requirements for requesting pauper status. In particular, the supreme court found that the plaintiff's cover letter could not be considered a written motion for pauper status because no pauper affidavits were attached to it.

We recognize that *Tenney* and *Bryant* relied upon La.R.S. 13:850(C), which has no application here. However, we do find that the underlying principle of statutory interpretation in those cases does apply: that a party asserting a claim has a duty "to ensure that it is properly placed before a court of law." *Bryant*, 808 So.2d at 663. In the present case, Defendants have shown, through the testimony of Ms. Metzel, that Mr. Gant did not complete the filing process of his suit within the prescriptive period.

**Decree**

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Charlie E. Gant, Jr.

**AFFIRMED.**