# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1087

## IN RE:  ELIJAH HERRING

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-6315
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

**Willie Hunter, Jr.**
**Attorney at Law**
**900 St. John Street**
**Monroe, Louisiana  71201**
**(318) 388-0883**
**Counsel for Appellant:**
    **Elijah Herring**

**Nicholas Gachassin, Jr.**
**Brandon K. Stelly**
**Gachassin Law Firm**
**Post Office Box 80369**
**Lafayette, Louisiana  70598-0369**
**(337) 235-4576**
**Counsel for Appellee:**
    **Lafayette General Medical Center**

**Marc W. Judice**
**Judice & Adley**
**Post Office Drawer 51769**
**Lafayette, Louisiana  70505-1769**
**(337) 235-2405**
**Counsel for Appellee:**
    **Dr. James Garcelon**

**SULLIVAN, Judge.**

Elijah Herring appeals the trial court's dismissal of his medical malpractice claim. For the following reasons, we affirm.

### *Facts*

On June 27, 2006, Mr. Herring filed a medical malpractice complaint against two health care providers as provided in La.R.S. 40:1299.47. By letter dated July 6 and mailed July 7, the Patient's Compensation Fund (PCF) confirmed receipt of the complaint and notified Mr. Herring that he had forty-five days to remit filing fees in the amount of $200. On September 7, the PCF mailed a letter to Mr. Herring and the two defendants, notifying them that Mr. Herring had failed to timely pay the filing fee and that his complaint "is no longer considered filed by this office." On September 18, Mr. Herring filed another complaint with the PCF and included the $200 filing fee. Thereafter, one of the defendants filed an exception of prescription with the trial court. After a hearing, the trial court granted the exception of prescription. The second defendant then filed an exception of prescription, which the trial court also granted. Mr. Herring appeals.

### *Assignments of Error*

Mr. Herring urges that the trial court erred in finding that the payment of filing fees was not merely an incidental requirement which related back to the filing of his complaint and did not affect the running of prescription, that the PCF's dismissal of his complaint was not legally correct or authorized by law, and that the filing of his complaint prior to the prescriptive date allowed him additional time within which to pay the filing fee.

1

### *Discussion*

Louisiana law requires that medical malpractice claims be filed within one year of the alleged malpractice or discovery of the malpractice but no later than three years after the malpractice. La.R.S. 9:5628. All medical malpractice complaints against qualified health care providers must be reviewed by a medical review panel before suit can be instituted against them. La.R.S. 40:1299.47(A). The medical review panel procedure is initiated by filing a complaint with the PCF. *Id*. After receipt of a complaint, the PCF has fifteen days to confirm receipt of the complaint and notify the claimant of the filing fee required, the time frame within which the filing fee must be paid, that failure to pay the filing fee timely renders a request for review "invalid and without effect," and that such invalid request "shall not suspend the time within which suit must be instituted." La.R.S. 40:1299.47(A)(3). The claimant then has forty-five days "from the mailing date of the confirmation of the receipt of the request for review" to pay the filing fee. La.R.S. 40:1299.47(A)(1)(c). If the claimant fails to pay the filing fee within the forty-five-day period provided in subsection (1)(c), the request for review is "invalid and without effect" and does "not suspend time within which suit must be instituted." La.R.S. 40:1299.47(A)(1)(e). The PCF must notify the claimant and all defendants if the filing fee is not paid within the forty-five-day period provided in subsection (1)(c). La.R.S. 40:1299.47(A)(4)(d).

Mr. Herring does not deny that he did not mail and that the division of administration did not receive the required $200 filing fee within the forty-five days provided in subsection (A)(1)(c). Instead, he argues that the application of other legal principles to the facts of this case establishes that the trial court's grant of the exception of prescription is erroneous.

2

### Is the Payment of the Filing Fee Incidental?

Mr. Herring first argues that payment of the filing fee is "incidental" to the filing of his complaint and relates back to the date his complaint was filed. However, as explained in *Medical Review Panel of Davis v. Louisiana State University Health Sciences Center-Shreveport*, 41,273, p. 6 (La.App. 2 Cir. 8/25/06), 939 So.2d 539, 543, *writ denied*, 06-2343 (La. 12/8/06), 943 So.2d 1092, "both the filing of the complaint and the payment of the fee are inexorably joined. The complaint is not considered to be filed until the fee is paid." La.R.S. 40:1299.47(A)(1)(e). Therefore, payment of the filing fee is not "incidental," and the complaint is not considered filed if the filing fee is not paid timely. This argument is without merit.

### Is Failure to Timely Pay Filing Fee a Defect?

Mr. Herring also contends that he should be given an opportunity to amend his complaint to cure any "defect" in it, citing La.Code Civ.P. art. 934. Article 934 provides that a petitioner must be allowed to amend his petition to remove the ground of a peremptory exception if it is possible to do so. The failure to file the filing fee as required by the statute cannot be "removed" by an amendment to the complaint. *Medical Review Panel of Davis*, 939 So.2d 539. Furthermore, because the complaint's request for review was "invalid and without effect," La.R.S. 40:1299.47(A)(1)(e), there is nothing to which an amendment can relate back.

Citing *Hall v. Reber*, 03-1482 (La.App. 3 Cir. 3/31/04), 870 So.2d 424, *writ denied*, 04-1012 (La. 6/18/04), 876 So.2d 809, Mr. Herring urges that his failure to timely pay the filing fee did not render the filing of his complaint invalid. In *Hall*, the plaintiff filed his complaint by facsimile transmission as provided in La.R.S. 13:850. He then submitted a check in the amount of $175 within the time period

3

provided in La.R.S. 13:850; however, the check was $125 less than the amount the clerk of court required to file and "process" the suit. This court determined that because the $175 check was sufficient to pay the filing fee of $150 and the $5 facsimile filing fee, the case had not prescribed, even though the check did not include the $125 required for service of process on the defendants. *Hall* has no application to the facts of this case, as Mr. Herring did not submit any of the fee required by La.R.S. 40:1299.47(A)(1)(c).

### *PCF Director's Authority*

The PCF director's September 6 letter stated in part: "We did not receive the filing fee from you, thus you have failed to comply within the time allowed; thus, the above-cited case is no longer considered filed by this office." Mr. Herring contends the PCF director was "without authority to dismiss his complaint." This argument has no application here because the PCF director did not dismiss Mr. Herring's claims. The trial court dismissed his claims pursuant to exceptions of prescription filed by the defendants. Further, the PCF director's letter merely restates the content of La.R.S. 40:1299.47(A)(1)(e).

### *Suspension of Time*

In his June 27, 2006 complaint, Mr. Herring acknowledged that he became aware of Defendants' malpractice on August 17, 2005. He asserts that because he filed his complaint prior to the lapse of one year from the date the alleged malpractice occurred, he had the time remaining in the one-year period to pay the filing fee.

This argument is based upon the supreme court's holdings in *Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So.2d 575, and *LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226. In *LeBreton*, the supreme court held that the filing of

4

a medical malpractice complaint suspends prescription and prevents prescription from lapsing during the pendency of the medical review panel process until ninety days following notification of the medical review panel's opinion. In *Guitreau*, 763 So.2d at 576, the supreme court held "that when the ninety-day period of suspension after the decision of the medical review panel is completed, plaintiffs in medical malpractice actions are entitled to count the period of time, under La.R.S. 9:5628, that remains unused at the time the request for a medical review panel is filed." These cases deal with the ninety-day filing period applicable to claims that were properly filed and considered by a medical review panel. They are not applicable here because Mr. Herring's claims were not considered by a medical review panel.

The clear language of subsection La.R.S. 40:1299.47(A)(1)(e) negates the application of this argument here, as it provides that failure to timely pay filing fees renders a complaint's request for review "invalid and without effect" and that such an invalid request does "not suspend time within which suit must be instituted." Mr. Herring's complaint had no effect because he failed to pay his filing fee as required by La.R.S. 40:1299.47(A)(1)(c). Therefore, it did not suspend the time within which suit had to be instituted, and there was no time remaining which allowed him to pay the filing fee more than forty-five days after the PCF's September 6 letter was mailed. La.R.S. 40:1299.47(A)(1)(e).

### *Disposition*

The judgment of the trial court is affirmed. All costs are assessed to Elijah Herring.

**AFFIRMED.**

5