United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-31177
Summary Calendar

_____

KELVIN PAUL WELLS, SR.,

Plaintiff-Appellant,

versus

DOUG WELBORN; TRACY VIOLA,
also known as T. Vuela; DEBRA BELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(No. 03:03-CV-58)

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this civil rights action, the district court granted summary judgment in favor of defendants-

appellees. For the reasons that follow, we affirm.

## I. FACTS AND PROCEEDINGS

Kelvin Paul Wells, Sr., litigated various civil cases within the 19th Judicial District Court of

_____

[*]Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

East Baton Rouge Parish, Louisiana.[1]  In at least two of the actions from which Wells's complaint arises, he was allowed to proceed *in forma pauperis* during a portion of the proceedings.[2] Subsequently, in both actions, the Louisiana courts revoked Wells's pauper status.

During the course of the previous litigation, Wells was cast with costs by the Louisiana courts and assessed with filing fees by defendants-appellees (the "Clerk").  After his pauper status had been revoked, Wells attempted to file motions to proceed again *in forma pauperis*.  On both occasions, the motions, which accompanied several other pleadings, were sent to the Clerk by facsimile transmission and were received on December 11 and 18, 2002, respectively.  After receiving each of these transmissions, the Clerk acknowledged receipt of the filings and sent a notice that the original signed document and the applicable fees should be forwarded to the Clerk within five days, pursuant to LA. REV. STAT. § 13:850.  When, on December 23, 2002, the originals and the outstanding balance due had not been delivered, the Clerk returned the pleadings to Wells.

The district court found that the Clerk's refusal to file the motion to proceed *in forma pauperis*, if it could be proven, was a violation of Wells's right to access the court under the Due Process and Equal Protection clauses of the Fourteenth Amendment.  However, the district court determined that the Clerk was entitled to qualified immunity because the constitutional right in question was not so clearly established that a reasonable official would understand that the official's actions violated a constitutional right.  On the basis of this finding, the district court granted the

---

[1]The district court's ruling on summary judgment sets out the details of the state court proceedings.

[2]In one, the Clerk filed Wells's motions to proceed *in forma pauperis*, despite the fact that Wells was in arrears for over $2000 at the time of filing.  The motions were subsequently denied by the Louisiana courts.

Clerk's motion for summary judgment.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment *de novo*. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citing *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)); *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (citing *Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 227 (5th Cir. 2002)). In our review of a summary judgment, we apply the same standard as the district court. *Cooper Tire*, 423 F.3d at 454. Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law. *Id.* (quoting FED. R. CIV. P. 56(c)).

A court considering a motion for summary judgment must view evidence and inferences in the light most favorable to the nonmovant. *Bryan*, 375 F.3d at 360; *Moreno v. Summit Mortgage Corp.*, 364 F.3d 574, 576 (5th Cir. 2004). Moreover, "[a] material fact is one that might affect the outcome of the suit under the governing law and a dispute about a material fact is genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003) (internal quotations omitted). The burden falls on the movant to demonstrate "an absence of evidence to support the nonmoving party's case." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the movant meets this burden, "a nonmovant must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists for every element of a claim." *Id.* (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1196 (5th Cir. 1986)). Summary judgment is appropriate if the nonmovant "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. *See also Instone Travel*, 334 F.3d at 427.

### III. DISCUSSION

The district court ruled that the Clerk did violate Wells's constitutional right, but the right was not sufficiently well established to make the Clerk aware of the violation.[3] As a result, the district court found the Clerk entitled to qualified immunity and granted summary judgment in favor of the Clerk. The district court's conclusion, with respect to the constitutional violation, depends on its finding that the Clerk, on December 11 and 18, 2002, refused to file Wells's pleadings, which included a motion to proceed *in forma pauperis*, due to Wells's failure to pay outstanding fees. The undisputed facts do not support this finding.

In Louisiana, litigants in a civil action may file pleadings by facsimile. *See* LA. REV. STAT. § 13:850. However, with the privilege of using facsimile transmission comes additional duties, which are not attendant if a litigant simply files an original pleading with the court. For a facsimile pleading to be entitled to the same force and effect as an original pleading, the party filing the document must, within five business days, provide (1) the original signed document, (2) the applicable filing fee, if any,

---

[3]According to the district court, the only potential constitutional violations occurred in the prosecution of the divorce petition and subsequent contempt proceedings relating to the enforcement of the visitation agreement. These events took place on December 11 and 18, 2002, respectively. Wells does not contest this finding, and we limit our review to the two instances identified by the district court. The district court also declined to exercise supplemental jurisdiction over the state law claims. Wells does not contest this decision, and we, therefore, do not reach those claims.

With respect to Wells's claims of racial and sexual discrimination, the district court pointed out that Wells had failed to identify any evidence of discrimination due to race. The district court held that Wells "cannot show that he was treated differently from persons outside of his protected class." The same is true for his sex discrimination claim. The summary judgment evidence showed that the Clerk acted in accord with the policies of the office and the laws of Louisiana. Wells has failed to show anything different. Summary judgment is appropriate for those claims.

and (3) a transmission fee of five dollars.   LA. REV. STAT. § 13:850(B).[4]   If the party filing a document fails to comply with these conditions, "the facsimile filing shall have no force or effect." LA. REV. STAT. § 13:850(C).   Nevertheless, when an original document has been presented within the allotted time, Louisiana specifically permits a litigant to file a motion to proceed *in forma pauperis* in lieu of paying applicable fees.  *See Tenney v. Burlington Northern & Sante Fe Ry. Co.*, 03-1260, p. 4 (La. 1/21/04); 863 So. 2d 526, 528 (holding that, where the litigant submitted the original pleading within the time allotted, "an application to proceed *in forma pauperis* satisfies the requirement of [LA. REV. STAT. §] 13:850 that applicable filing fees and a transmission fee be paid within five days of a facsimile filing").

In his complaint, Wells alleged that he had been denied access to the courts when the Clerk returned and ignored his pleadings.  His motion for summary judgment did not identify any specific

---

[4]LA. REV. STAT. § 13:850 provides, in part:

> A. Any paper in a civil action may be filed with the court by facsimile transmission.  All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions.  Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court.  The facsimile when filed has the same force and effect as the original.
>
> B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
>
>> (1) The original signed document.
>>
>> (2) The applicable filing fee, if any.
>>
>> (3) A transmission fee of five dollars.
>
> C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.  The various district courts may provide by court rule for other matters related to filings by facsimile transmission. . . .

facts in support of his claim, but purported to adopt the entire record in the various state court proceedings and incorporate them as a "true history of facts." By contrast, in the Clerk's statement of uncontested facts, the Clerk provided the district court with a lengthy history of the state court proceedings, all supported by record evidence. In response to the Clerk's statement and documentation, Wells failed to controvert any of the Clerk's facts, except to assert, again without specific support in the record, that the Clerk was attempting to "mislead" the court.

In the statement of uncontested facts, the Clerk maintained that Wells's pleadings, which were submitted by facsimile, were returned unfiled because (1) the applicable fees had not been paid and (2) the originals were not provided within five days as required by law. Wells did not controvert this statement, nor does he challenge it on appeal.[5] The Clerk has established that his refusal to file the pleadings was not simply due to Wells's purported inability to pay applicable fees, but was due to Wells's failure to provide the originals of the pleadings. Had Wells provided the originals, under the rationale of *Tenney*, the Clerk would have been obligated to file the pleadings regardless of any outstanding amounts due because Wells's motion to proceed *in forma pauperis* would have satisfied the payment requirements of LA. REV. STAT. § 13:850(B). However, having failed to submit the original signed documents, Wells prevented the Clerk from filing the pleadings.

While Wells may have shown that he was denied the ability to file pleadings by facsimile without providing the originals and applicable fees, he has failed to show that he was

---

[5]According to the district court's local rules, all material facts set out in a summary judgment movant's statement of uncontested material facts are "deemed admitted, for purposes of the motion, unless controverted." M.D. LA. LOC. R. 56.2. *See also Smith v. Brenoettsy*, 158 F.3d 908, 910 n.2 (5th Cir. 1998) (applying the rule, formerly Local Rule 2.10); *Soc'y of Roman Catholic Church of Diocese of Lafayette and Lake Charles v. Interstate Fire & Cas. Co.*, 26 F.3d 1359, 1362 n.2 (5th Cir. 1994) (same).

unconstitutionally denied access to the courts. To conclude, as the district court did, that the Clerk's refusal to file Wells's facsimile pleadings violated his constitutional right of access to the courts, would be to hold that litigants have a constitutional right to file pleadings *by facsimile*. There is no authority in support of such a holding, and, on these facts, this court will not hold that such a right exists.

## IV. CONCLUSION

Because the undisputed facts in the record support a judgment as a matter of law in favor of the defendants-appellees, we AFFIRM.