943 So.2d 1127 (2006)
Edward TRUSCLAIR and Linda Trusclair
v.
Marilyn and Peter James HILL and Imperial Fire and Casualty Insurance Company.
No. 2005 CA 1908.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
Edward and Linda Trusclair, Baton Rouge, In proper Person for Plaintiffs/Appellants.
Stephen Babcock, Mark D. Plaisance, Baton Rouge, Counsel for Defendants/Appellees Marilyn and Peter Hill and Imperial Fire & Casualty Insurance Company.
Before: KUHN, GAIDRY, and WELCH, JJ.
KUHN, J.
Plaintiffs-appellants, Edward and Linda Trusclair, appeal the trial court's judgment, sustaining a peremptory exception raising the objection of prescription and dismissing their lawsuit. We reverse.

ISSUE
The issue presented for our review is whether the filing of the petition for damages along with a motion in forma pauperis that was denied prior to the accrual of the one-year prescriptive period interrupted prescription when plaintiffs paid court costs to the clerk of court after the accrual of the prescriptive period.

FACTUAL AND PROCEDURAL BACKGROUND
According to the allegations of the Trusclairs' petition, on March 12, 1999, they sustained personal injuries when a vehicle driven by defendant, Marilyn Hill, rear-ended the vehicle driven by Mr. Trusclair, propelling his 1998 Ford 6000 into the rear of a third vehicle. As a result of the accident, the Trusclairs aver, Mr. Trusclair sustained physical injuries to his back, neck, and shoulders and Mrs. Trusclair suffered an alienation of her husband's affection or loss of consortium.
The Trusclairs filed their petition for damages on February 28, 2000, at 4:49 p.m., naming Hill, her husband, Peter, and their liability insurer, Imperial Fire & Casualty Insurance Company (Imperial), as defendants. Simultaneously with their petition, the Trusclairs filed a motion to proceed in forma pauperis, which was file-stamped by the clerk of court's office at 4:51 p.m. on February 28, 2000. On March 2, 2000, the trial judge denied the Trusclairs' motion stating, "$55,000 annual income, $3,400 in auto insurance and 3 automobiles doesn't sound like a pauper to me!"
*1129 On May 2, 2000, the Hills and Imperial answered the Trusclairs' petition, generally denying liability and pleading the comparative fault of Mr. Trusclair in causing the automobile accident. After a second unsuccessful attempt by the Trusclairs to proceed in forma pauperis, and the trial court's overruling of defendants' peremptory exception alleging an objection of no cause of action, on March 18, 2005, the defendants filed a peremptory exception of prescription, averring that after the trial court denied the Trusclairs' first motion to proceed in forma pauperis, they failed to timely pay court costs. Because "court costs were paid . . . on April 14, 2000," the defendants allege that the Trusclairs' lawsuit was filed on April 14, 2000, which is more than one year after the March 12, 1999 accident and, therefore, prescribed.
After a hearing, the trial court sustained defendants' exception and dismissed the Trusclairs' lawsuit. The Trusclairs appeal.

DISCUSSION
Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. An interruption of prescription resulting from the filing of a suit in a competent court and in a proper venue within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before or after the defendant has made an appearance of record or thereafter, or fails to prosecute the suit at the trial. La. C.C. art. 3463.
In this case, the Trusclairs did not include a filing fee with their petition because they sought to proceed in forma pauperis as permitted by La. C.C.P. arts. 5181-5183. Article 5183[1] requires a person seeking pauper status to make a proper application to the court either with his first pleading or in a later-submitted written motion. See Gant v. Alexander, 2004-27 (La.App. 3d Cir.5/12/04), 872 So.2d 1280, 1283.
In this appeal, the defendants do not contend that the Trusclairs' application for pauper status was defective or otherwise deficient. And they do not suggest that the Trusclairs filed their lawsuit in a court without jurisdiction or an improper venue. Defendants' complaint is that after the pauper status was denied, the Trusclairs failed to timely pay costs. As a result, they assert that the initial interruption should be considered as never having occurred. But according to Article 3463, it is when the plaintiff abandons his claims, voluntarily dismisses the action, or fails to prosecute the suit that the interruption of prescription is considered never to have occurred. This record contains no evidence *1130 suggesting any of these events occurred.
The defendants have not cited any legal authority to support their assertion that the payment of court costs is required for a petition to be considered having been filed for purposes of interrupting prescription under Articles 3462 and 3463. Despite the defendants' reference to La. R.S. 13:841 and 843, we do not find anything in these provisions mandating the payment of costs as a prerequisite to the filing of a suit for purposes of interrupting prescription under Articles 3462 and 3463. La. R.S. 13:841 A(1) merely states that the clerks of the several district courts shall be entitled to demand and receive two dollars for endorsing, registering, and filing petition, as fees of office in civil matters. La. R.S. 13:843 A provides the clerk of court may demand security for costs at the time the suit is filed. But this demand is not mandatory and certainly does not preclude the filing of the lawsuit for purposes of interrupting prescription under Articles 3462 and 3463.
We are aware that La. R.S. 13:842 A states that the clerk shall demand and receive from the plaintiffs in an ordinary suit not less than twenty dollars, or such other amount as may be fixed by law for advanced costs, to be disbursed to the clerk's salary fund or to others as their fees accrue. And whenever the costs have exhausted the amount of the original advance deposit, the clerk may refuse to perform any further function in the proceeding until the additional costs for the function have been paid. But defendants have not offered any evidence demonstrating that the clerk demanded but did not receive court costs from the Trusclairs prior to March 12, 2000, which was one year after the date of the accident between Mr. Trusclair and Hill. The record is also devoid of any evidence showing that the clerk refused to perform any function in the proceeding because costs advanced with the original advance deposit had been exhausted.
Defendants contend that on March 3, 2000, the clerk of court sent the Trusclairs a letter "advising that the motion [to proceed in forma pauperis] was denied and that advance filing costs must be paid before the suit would be filed." The trial court likewise made reference to the letter in its reasons for judgment, and the Trusclairs do not deny either its receipt or contents.
In this case, when the trial court denied the Trusclairs pauper status, it did not set a time for payment of court costs. See Tenney v. Burlington Northern & Sante Fe Railway Co., XXXX-XXXX, p. 4 n. 3 (La.1/21/04), 863 So.2d 526, 529 n. 3; see also e.g., Moity v. Guilliot, 429 So.2d 521, 522 (La.App. 3d Cir.1983). And it did not issue an order dismissing the petition for damages. Thus, the initial interruption of prescription, effectuated upon the filing of the petition for damages, did not cease by operation of law. Despite the denial of the motion, the Trusclairs did not abandon, voluntarily dismiss, or fail to prosecute their suit. Because their lawsuit was not dismissed by either court order or operation of law, the February 28, 2000 interruption of prescription continued. It is undisputed that the Trusclairs paid the court costs on April 14, 2000, at which time prescription was already interrupted. Accordingly, the trial court erred in sustaining the defendants' exception of prescription.

DECREE
For these reasons, the trial court's judgment sustaining the defendants' peremptory exception of prescription and dismissing the Trusclairs' lawsuit is reversed. Appeal costs are assessed against Marilyn and *1131 Peter Hill and Imperial Fire & Casualty Insurance Company.
REVERSED.
NOTES
[1] Louisiana Code of Civil Procedure article 5183 provides in relevant part:

A. A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:
(1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of means, accompanied by any supporting documentation; and
(2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
(3) A recommendation from the clerk of court's office as to whether or not it feels the litigant is in fact indigent, and thus unable to pay the cost of court in advance, or as they accrue, or to furnish security therefor, if required by local rule of the court.