# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #048

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **24th day of October, 2025** are as follows:

**BY Hughes, J.:**

2025-CC-00078      LANELL E. DAROUSE  VS.  P.J.'S COFFEE OF NEW ORLEANS, LLC AND NEW ORLEANS ROAST, LLC (Parish of Orleans Civil)

AFFIRMED. SEE OPINION.

LANELL E. DAROUSE

VERSUS

P.J.'S COFFEE OF NEW ORLEANS, LLC AND
NEW ORLEANS ROAST, LLC

On Writ of Certiorari to the Court of Appeal, Fourth
Circuit, Parish of Orleans Civil

**HUGHES, J.**

In this case, we review the district court's denial of the defendants' exception of insufficiency of service of process and motion for involuntary dismissal, on their contention that the plaintiff did not properly request service because he did not timely remit to the sheriff's office all of the service fees. At issue is the appropriate meaning to be given to the use of the word "requested" in La. C.C.P. art. 1201(C), requiring that "[s]ervice of the citation shall be requested on all named defendants within ninety days...."

Herein, the defendants assert that both a request *and* full payment of all fees for service must be submitted within the ninety day period to satisfy La. C.C.P. art. 1201(C), while the plaintiff contends that a request for service submitted to the clerk of court, alone, is sufficient to satisfy Article 1201. Both the district court and the appellate court held that Article 1201(C) does not require payment of all service-related fees during the ninety days allotted for the timely "request" for service. See **DaRouse v. P.J.'s Coffee of New Orleans, LLC**, 24-0689 (La. App. 4 Cir. 12/17/24), 414 So.3d 602. For the following reasons, we affirm.

Appellate court rulings on this issue have been conflicting. This is the first

instance in which this court has had the opportunity to address the precise issue presented, after full briefing and oral argument, having previously ruled according to the various factual scenarios of similar matters in summarily-issued writ actions; therefore, these prior writ actions are not authoritative.

The difficulty the courts have had, in applying Paragraph (C) of La. C.C.P. art. 1201, appears to have arisen from a perceived need to take into account laws authorizing court officials to demand payment, and/or an advance deposit for the payment, of court costs and fees (including those for service of citation), in conjunction with the application of the term "request" in Article 1201 (the generally accepted meaning of which is, as stated in https://www.merriam-webster.com/dictionary/request, to ask for something). Some appellate court decisions have held that a party need only "ask" for service within the ninety day period,[1] while other appellate decisions have held that there is no *proper* request unless it is accompanied by the requisite fees for service.[2]

In the instant case, the plaintiff asked for service on the defendants in his petition and paid all fees required of him by the clerk of court on the date of filing, totaling $1,297.50; but afterward, additional fees were billed by the sheriff's office for service, via an email that was not clearly identified as such.[3] Consequently,

---

[1] **Draten v. Univ. Med. Ctr. Mgmt. Corp.**, 20-0519 (La. App. 4 Cir. 7/21/21), 325 So.3d 441, writs denied, 21-01276, 21-01284 (La. 12/7/21), 328 So.3d 421; **Walker v. GoAuto Ins. Co.**, 20-0331 (La. App. 4 Cir. 6/10/21), 323 So.3d 918 (holding that, when a plaintiff has asked for service of process on all defendants in his original petition, the plaintiff has timely "requested" service of citation on the defendants in compliance with La. C.C.P. art. 1201, even though the defendants are not actually served until after the ninety-day period had expired).

[2] **Miller v. Hirstius**, 22-0740 (La. App. 1 Cir. 3/15/23), 363 So.3d 532; **Methvien v. Our Lady of the Lake**, 20-1081 (La. App. 1 Cir. 4/16/21), 318 So.3d 329; **Jenkins v. Larpenter**, 04-0318 (La. App. 1 Cir. 3/24/05), 906 So.2d 656, writ denied, 05-1078 (La. 6/17/05), 904 So.2d 711 (holding that service of citation is not considered requested until the clerk receives a request for service and payment of the required fees or an order granting pauper status).

[3] The email sent by the sheriff's office, in this case, showed a sender name of "DoNotReply@opso.us" and on the subject line stated only: "A/R Invoice – Docket." There was also an invoice appended to the email, but the contents thereof could only be known if one were to open the attachment. No evidence was introduced at the hearing of this matter in the district court to show that this email address or subject line, alone, would have informed a recipient as to who the actual sender was or what the email pertained to. Nor was there any evidence presented

2

although the plaintiff filed a request for service and paid the overwhelming majority of his filing fees along with the petition in a timely manner, an additional bill was thereafter transmitted, amounting to $148.41, which was paid outside the ninety-day period set forth in Article 1201(C).

There can be no serious dispute that the word "request" means to "ask" for something and is not ambiguous. Words of a law are to be given their "common," or "generally prevailing," meaning. La. C.C. art. 11; La. C.C.P. art. 5053. Further, when language is "clear" and "free from ambiguity," it must be "applied as written" and "is not to be disregarded under the pretext of pursuing its spirit." La. C.C. art. 9; La. C.C.P. art. 5052.

Even if an ambiguity were to be found in the language of Article 1201(C), "it must be interpreted as having the meaning that best conforms to the purpose of the law." La. C.C. art. 10. The purpose of the procedural rule of requesting service of citation on a defendant within ninety days is, as stated in **Naquin v. Titan Indem. Co.**, 00-1585, pp. 4-9 (La. 2/21/01), 779 So.2d 704, 708-11, to ensure "the avoidance of stale claims."

Procedural laws are "to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law," and they are not "an end in themselves." La. C.C.P. art. 5051. "While it is this court's province to 'consider the reason and spirit of a law,' we are 'not free to rewrite the law to effect a purpose that is not otherwise expressed.' " **Naquin v. Titan Indem. Co.**, 00-1585 at p. 9, 779 So.2d at 710. Code of Civil Procedure Article 1201(C) unambiguously states that service of citation is to be requested, i.e., asked for, within ninety days of the filing of the petition; it does not say that all fees for service must also be paid during that ninety day period.

---

at the district court hearing of plaintiff's assertions that this email went to the "spam" folder, rather than to the in-box, and for this reason was overlooked.

If the Louisiana Legislature had intended that a party must ***ask for*** service of citation *and also* must ***pay for*** service of citation within ninety days, it could have easily so stated, as pointed out by the dissent in **Jenkins v. Larpenter**, supra, of then-First Circuit Judge Guidry (now Justice Guidry), in pertinent part:

> The statutes at issue, La. C.C.P. art. 1672(C) and La. R.S. 13:5107(D), only require dismissal of an action if good cause is not shown why service of the citation is not *requested* within the ninety-day time period provided in La. C.C.P. art. 1201(C). ***A plain reading of the statutory provisions reveals that all that is required for compliance is that service be requested***. Neither statute requires actual service within ninety days of the filing of the original petition. … However, the majority holds that a request for service without the payment of costs is not a request. That conclusion is contrary to the plain reading of the statutory provisions governing this matter.
> Interpreting La. R.S. 13:5107, this court has held that a valid and effective "request" asking the Clerk of Court to perfect service requires the receipt of the request by the Clerk of Court's office … and must name the proper party or agent for service of process. … ***The pertinent statutory provisions do not provide that payment of any related filing fees and costs must be made within a stipulated time period***.
> I believe that the majority errs in failing to apply the law as written and in essentially rewriting the law to effect a purpose that is not otherwise expressed in the statutes at issue. … ***Had the legislature wanted to require a plaintiff to pay any applicable filing fees or be granted pauper status within the stipulated time period in order for the service request to be valid, it could have so provided.*** … Having failed to do so, our courts should not expansively interpret La. R.S. 13:5107 and La. C.C.P. art. 1672 to so provide. … Thus, I respectfully dissent from the majority opinion finding that a request for service without the payment of related filing fees and costs is not a request pursuant to the provisions of La. R.S. 13:5107 and La. C.C.P. art. 1672.

(Emphasis added; citations and footnote omitted.)

We further note that the issue of payment has been clearly expressed by the Legislature in other statutes.  The wording of La. R.S. 13:850 (allowing filing by facsimile transmission) is an instance in which the Legislature clearly evidences the intent to make the paying of fees a prerequisite, stating therein, in pertinent part (emphasis added):

> A. … [A]ny document in a civil action may be filed with the clerk of court by facsimile transmission. … Filing shall be deemed complete on the date and time indicated on the clerk of court facsimile transmission receipt. No later than on the first business day after receiving a facsimile filing, ***the clerk of court shall*** transmit to the filing

party via facsimile a confirmation of receipt and *include a statement of the fees for the facsimile filing and filing of the original document*. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The *facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B* of this Section.

B. *Within seven days*, exclusive of legal holidays, after the clerk of court receives the facsimile filing, *all of the following shall be delivered to the clerk of court*:

(1) The original document identical to the facsimile filing….

(2) *The fees* for the facsimile filing and filing of the original document *stated on the confirmation of receipt, if any*.

(3) A transmission fee of five dollars.

C. *If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect*….

In La. R.S. 13:850, the Legislature leaves no doubt that, in order for a fax-filed document to have effect, the filing party must pay the fees billed by the clerk of court when he files the original document within seven days of the fax filing.

Another such statute is La. R.S. 13:4532, providing: "The clerk of the court from which an appeal is taken is not required to deliver the transcript of the record of the case before his fees for preparing the same have been paid." Again, the statute itself decrees that no one will be given a transcript unless the fees have been paid.

The Legislature has chosen to authorize the assessment and enforcement of fees to clerks of court and sheriffs separately from La. C.C.P. art. 1201, in Title 13 of the Revised Statutes (authorizing clerks of court and sheriffs to assess[4] and collect costs in advance and stating that, in the event costs paid in advance are expended, the performance of further services in the proceeding may be refused until additional costs have been paid[5]).

---

[4] The assessment of fees by clerks, for all parishes except Orleans, is set out in La. R.S. 13:841 ("The clerks of the several district courts *may* be entitled to demand and receive fees of office, which fees may be less than, but shall not exceed, the amounts set forth in this Section…."). (Emphasis added.) For Orleans Parish, an individualized fee schedule for civil clerks of court is set out in La. R.S. 13:1213. In general, sheriffs' fees for civil matters are governed by the fee provisions set out in La. R.S. 13:5530(A).

[5] Security for the collection of fees owed to clerks of court, in all parishes except Orleans, is provided for in La. R.S. 13:842 ("Whenever the costs have exhausted the amount of the original advance deposit, the clerk *may* refuse to perform any further function in the proceeding until the

Under the Title 13 provisions, an advance or deposit *may* be demanded as security for costs at the time the suit is filed, but this demand is not mandatory. See **Trusclair v. Hill**, 05-1908, pp. 3-5 (La. App. 1 Cir. 9/15/06), 943 So.2d 1127, 1129-30 (also discussing La. C.C.P. arts. 5181-5188,[6] providing for waiver of costs for an indigent party).

Because fees owed to clerks of court and sheriffs are governed elsewhere, there is no need to torturously expand the plain meaning of "request" in La. C.C.P. art. 1201(C) in order to ensure payment.

## CONCLUSION

As the Legislature has not seen fit to incorporate into La. C.C.P. art. 1201(C) a requirement that all fees for service of citation be paid within the ninety day period set forth therein for the request of service of citation, this court would be at risk of impinging on the legislative power were we to attempt to rewrite Article 1201(C) to effect a purpose that is not expressed therein.

---

additional costs for the function have been paid….") (emphasis added), and in La. R.S. 13:843 ("The clerk of court *may* demand security for costs at the time the suit is filed. … After any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party incurring the additional costs…. It these accrued costs are not paid within ten days of the demand for payment, judgment therefor may be rendered against the party and against the surety on any cost bond furnished by him, by rule returnable not less than two judicial days from the date of service upon the defendants in rule.") (emphasis added). In general, enforcement for the collection of sheriffs' fees is provided for in Paragraphs (B) and (C) of La. R.S. 13:5530, stating: "These costs shall be due and collectible as provided for clerks of the district courts in ordinary suits and when realized on any process of court by collections or sales, except in those parishes where the sheriffs collect their fees independently of the clerks. … The fees or commissions provided for in this Section may be taxed as costs of court pursuant to Code of Civil Procedure Article 1920."). Security for the collection of fees for Orleans Parish sheriffs is provided for in La. R.S. 13:5588, which reads, in pertinent part: "The sheriff *may* demand security for his costs and actual expenses, or he *may* demand a deposit to cover his costs…. The sheriff shall perform the same so far as the advance may go. In case the party interested in having the official services performed fails to secure or advance the fees as above provided, the sheriff shall not be required to perform the services…." (Emphasis added.)

[6] Article 5181 states that "an individual who is unable to pay the costs of court because of poverty and lack of means may prosecute or defend a judicial proceeding, including a succession proceeding, in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor."

## DECREE

Accordingly, we affirm the decision of the appellate court, in favor of the plaintiff in this matter.

**AFFIRMED.**